**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMEN ISAKHANOVICH KAZARIANTS; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72085 <br><br> Agency Nos. A079-255-536 <br> A079-255-537 <br> A079-255-538 <br> A079-255-539 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Armen Isakhanovich Kazariants ("Armen"), a native and citizen of

Azerbaijan, his wife, Lusine Minasian ("Lusine"), also a native and citizen of

Azerbaijan, and their two children Vahe Kazariants and Helen Kazariants, natives

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Russia, petition for review of the Board of Immigration Appeals' ("BIA")

dismissal of their appeal of an Immigration Judge's ("IJ") decision ordering them

removed from the United States. We have jurisdiction over this petition pursuant

to 8 U.S.C. § 1252(a)(1), and we affirm.

The facts of this case are known to the parties. We do not repeat them.

# I

We review the BIA's findings of fact for substantial evidence.[1] *Zhao v.*

*Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We will uphold the BIA's decision

if it is "supported by reasonable, substantial, and probative evidence on the record

considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir.

2005) (en banc) (internal quotation marks omitted).

We review the denial of a motion for a continuance for an abuse of

discretion. *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996).

# II

The BIA's adverse credibility finding is supported by substantial evidence.

In an effort to establish their identity, Armen and Lusine submitted two counterfeit

birth certificates. These fraudulent documents were offered by Armen and Lusine

---

[1] 8 U.S.C. § 1252(b)(4)(B) defines the substantial evidence standard by stating that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."

"to establish [a] critical element[] of the asylum claim" and provide substantial evidence for the BIA's adverse credibility finding. *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999).

## II

The IJ properly exercised his discretion by denying the Kazariants family's motion for a continuance. The Kazariants family had counsel and had already been granted two previous continuances. Moreover, the Kazariants knew about the government's claim that the birth certificates were counterfeits on December 4, 2003, a date almost two years before the hearing before the IJ. The IJ acted well within his sound discretion by denying the motion. *Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir. 2000).

**DENIED.**